■ Josh Haron, Respondent, v Leah Azoulay, Appellant. [17 NYS3d 101]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered January 9, 2014, which, to the extent appealed from as limited by the briefs, denied the portion of defendant wife's motion seeking interest on two August 1, 2013 money judgments in her favor, unanimously affirmed, without costs. Order, same court and Justice, entered on or about May 20, 2014, which, to the extent appealed from as limited by the briefs, granted plaintiff husband's motion for a downward modification of his pendente lite obligations, denied defendant's motion for a money judgment for support arrears, and referred plaintiff's request for sanctions to trial, unanimously modified, on the law and the facts, to deny plaintiff's request for sanctions, and otherwise affirmed, without costs.

The motion Court properly found that the two August 1, 2013 judgments were satisfied pursuant to the parties' October

2013 stipulation and that pursuant to that stipulation plaintiff is not entitled to any additional interest on those judgments.

The motion court properly modified the pendente lite award, given the exigent circumstances established by plaintiff (*see Anonymous v Anonymous*, 63 AD3d 493, 496-497 [1st Dept 2009], *appeal dismissed* 14 NY3d 921 [2010]), including plaintiff's significant reduction of income and the depletion of his liquid assets. Given plaintiff's current financial circumstances, the award was "so onerous as to deprive [him] of income and assets necessary to meet his own expenses" (*Moshy v Moshy*, 227 AD2d 182, 183 [1st Dept 1996]).

The motion court properly determined that defendant is not entitled to a money judgment for arrears (*see* Domestic Relations Law § 244). She failed to provide sufficient evidence of any arrears, and, in any event, since the court modified the pendente lite award retroactively, plaintiff was actually entitled to a credit for overpayment.

The motion court should have denied plaintiff's request for sanctions. Although defendant's counsel produced no proof that he timely served plaintiff's counsel with copies of certain nonparty subpoenas, the record does not support a finding that any such failure constituted frivolous conduct (*see* 22 NYCRR 130-1.1). Nor does the record establish that defendant's counsel falsely represented the scope of the subpoenas. The court identified no issue of fact warranting deferral of the sanctions motion to the trial of the matrimonial action. Concur—Mazzarelli, J.P., Friedman, Richter, Manzanet-Daniels and Gische, JJ.