Foster v Foster

2026 NY Slip Op 02038

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Stephanie T. Foster, Plaintiff-Appellant,

v

John H. Foster, Defendant-Respondent.

Decided and Entered: April 02, 2026

Index No. 322821/21|Appeal No. 6250|Case No. 2025-06955|

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Higgitt, Hagler, JJ.

Cohen Clair Lans Greifer & Simpson LLP, New York (Michael Calogero of counsel), for appellant.

McLaughlin & Stern, LLP, New York (Linda A. Rosenthal of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Ta-Tanisha James, J.), entered October 21, 2025, which, to the extent appealed from as limited by the briefs, granted defendant husband's motion to terminate a pendente lite spousal support order of the same court (Kelly O'Neill Levy, J.), entered October 17, 2022, insofar as directing that plaintiff wife's total spousal support award be reduced, retroactive to the filing date of the motion, to her monthly rental payment through December 31, 2025, unanimously reversed, on the law, without costs, and the husband's motion denied in its entirety.

Supreme Court erred in modifying the pendente lite award of spousal support (see Haron v Azoulay, 131 AD3d 822, 823 [1st Dept 2015]). Initially, the husband's retirement was not a sudden or unanticipated event warranting termination of the interim support order. On the contrary, in 2022, in opposition to the wife's pendente lite motion, he represented that he was effectively retired from his job at a private equity firm and did not anticipate any further significant income from the firm, an assertion that ultimately proved inaccurate.

Moreover, the husband failed to establish that continued compliance with the pendente lite order would impair his ability to meet his own reasonable expenses (see Anonymous v Anonymous, 63 AD3d 493, 496-497 [1st Dept 2009], appeal dismissed 14 NY3d 921 [2010]). A comparison of the husband's 2021 and 2025 statements of net worth reveals that his liquid assets have not been depleted and, in several of his accounts, have actually increased. His monthly expenses have decreased only marginally between 2021 and 2025, and his tax returns between 2019 and 2023 show substantial capital-event income in multiple years. In addition, the husband's anticipated retirement income is the same as the amount he claims to have received in 2022. Without proof that the pendente lite award was so onerous as to deprive the husband of income and assets to meet his own expenses, he has not met the high threshold required to disturb a temporary award designed to maintain the status quo.

[*2]

Supreme Court also improvidently exercised its discretion in terminating temporary maintenance based primarily on the length of the parties' marriage and the duration of interim payments already made (see Emmanuel D. v Ximena D., 73 Misc 3d 1208[A], 2021 NY Slip Op 50975[U], *11-12 [Sup Ct, Kings County 2021]). By terminating interim support because the husband had paid maintenance for a period approximating what might be deemed appropriate under the post-divorce advisory percentages, the court collapsed the statutory distinction between temporary and post-divorce maintenance and treated the advisory schedule as a de facto cap on temporary maintenance. Domestic Relations Law § 236(B)(5-a) does not authorize such an approach. The reliance on post-divorce durational percentages to end interim support before trial effectively adjudicates the ultimate maintenance determination in advance, without the evidentiary record and statutory analysis required under § 236(B)(6).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026